UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES BLACKWELL<br>           Plaintiff (s)<br>           v.<br>CHRISTOPHER P. FOLEY<br>           Defendant(s). | C 08-01971 EMC<br>SCHEDULING ORDER FOR CASES ASSERTING DENIAL OF RIGHT OF ACCESS UNDER AMERICANS WITH DISABILITIES ACT TITLE III (42 U.S.C. §§ 12181- 89) |

    IT IS HEREBY ORDERED that this action is assigned to the Honorable **Edward M. Chen**.  When serving the complaint or notice of removal, the plaintiff or removing defendant  must serve on all other parties a copy of this Order and the assigned judge's pertinent Standing Orders.  This case is otherwise exempt from Civil Local Rule  4-2.  Counsel  must comply with the case schedule listed below unless the Court otherwise orders.

**CASE  SCHEDULE**

| Date | Event | Rule(s) |
|---|---|---|
| **4/15/2008** | **Complaint filed** | |
| **6/16/2008** | **Last day for plaintiff to complete service on defendants or file motion for administrative relief from deadline** | **General Order 56; Civil Local Rule 7-11** |
| **7 days before Joint Site Inspection** | **Last day for parties to complete initial disclosures, including defendant's disclosure re: construction or alteration history of  subject premises** | **FRCivP 26(a); General Order 56 ¶2;** |
| **7/24/2008** | **Last day for parties and counsel to hold joint inspection of premises, with or without meet-and-confer regarding settlement** | **General Order 56 ¶3,4;** |
| **10 business days after Joint Site Inspection** | **Last day for parties to meet and confer in person to discuss settlement** | **General Order 56  ¶4;** |
| **45 days after Joint Site Inspection** | **Last day for plaintiff to file "Notice of Need for Mediation"** | **General Order 56  ¶6;** |
| **7 calendar days after mediation** | **Last day for plaintiff to file Motion for Administrative Relief Requesting Case Management Conference** | **General Order 56  ¶7; Civil Local Rule 7-11** |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

**STANDING ORDER FOR CIVIL PRACTICE IN CASES
ASSIGNED FOR ALL PURPOSES TO
MAGISTRATE JUDGE EDWARD M. CHEN**
(8/9/07)

The parties shall follow the General Orders of the Court for the Northern District of California, the Local Rules, and the Federal Rules of Civil Procedure, except as expressly modified herein. Failure to comply with any of the rules and orders may be deemed sufficient grounds for monetary sanctions, dismissal, entry of default judgment, or other appropriate sanctions. The rules and orders are supplemented and modified as follows:

A.   **STANDING ORDER RE MOTIONS AND CONFERENCES**

1.   Criminal Law and Motion is heard on Wednesdays at 9:30 a.m. Civil Law and Motion is heard on Wednesdays at 10:30 a.m. Counsel need not reserve a hearing date in advance for civil motions. However, noticed dates may be reset as the Court's calendar requires.

2.   Case Management Conferences are heard on Wednesdays at 1:30 p.m. Pretrial Conferences are heard on Wednesdays at 3:00 p.m.

3.   In cases that are randomly assigned to Judge Chen for all purposes, the parties are requested to file their written consent to the assignment of a U.S. Magistrate Judge for all purposes, or their written declination of consent, as soon as possible.

4.   All scheduling questions should be addressed to Judge Chen's courtroom deputy, Betty Fong, at (415) 522-2034.

5.   Law and motion matters may be submitted without argument upon stipulation of the parties and notification of the Court no later than two (2) court days before the hearing.

6.   **In all "E-Filing" cases, when filing papers that require the Court to take any action (e.g. motions, meet and confer letters, administrative requests), the parties shall, in addition to filing papers electronically, lodge with chambers a printed copy of the papers on three-hole punch paper (including all exhibits) by the close of the next court day following the day the papers are filed electronically. These printed copies shall be marked "EMC Chambers Copy" and shall be submitted to the Clerk's Office in an envelope clearly marked with the case number, "Magistrate Judge Edward M. Chen," and "E-Filing Chambers Copy." Parties shall not file a paper copy of any document with the Clerk's**

**Office that has already been filed electronically.  A proposed order in an E-Filing case must be emailed to emcpo@cand.uscourts.gov as a WordPerfect attachment on the same day that it is E-Filed.**  With permission, Chambers' copes of documents may be submitted on CD-ROM with hypertext links to exhibits.

      7.      The Court can no longer supply a court reporter.  If you wish to have this hearing recorded by a court reporter rather than by electronic means, please arrange this privately.

      **B.**      **STANDING ORDER RE DISCOVERY DISPUTES**

This Standing Order applies to all disclosures and discovery motions assigned to Judge Chen and is intended to supplement the Civil Local Rules of this District regarding motion practice (Civil L. R. 7-1 et seq.) and the resolution of disclosure or discovery disputes (Civil L. R. 37-1 et seq.).

      8.      Discovery motions may be addressed to the Court in three ways.  A motion may be noticed on not less than thirty-five (35) days notice pursuant to Civil L. R. 7-2.  Alternatively, any party may seek an order shortening time under Civil L. R. 6-3 if the circumstances justify that relief.  In emergencies during discovery events (such as depositions), the Court is available pursuant to Civil L. R. 37-1(b).  In the event a discovery dispute arises, counsel for the party seeking discovery shall in good faith confer **in person** with counsel for the party failing to make the discovery in an effort to resolve the dispute without court action, as required by Fed. R. Civ. P. 37 and Civil L. R. 37-1(a).  The meeting must be **in person**, except where good cause is shown why a telephone meeting is adequate.  A declaration setting forth these meet and confer efforts, and the final positions of each party, shall be included in the moving papers.  The Court will not consider discovery motions unless the moving party has complied with Fed. R. Civ. P. 37 and Civil L. R. 37-1(a).

      9.      Motions for sanctions shall be filed by separate motion in accordance with the Fed. R. Civ. P. 37 and Civil L. R. 37-3.  The parties shall comply with their meet and confer obligations pursuant to Civil L. R. 37-1(a).  Parties who refuse to meet and confer will be subject to sanctions pursuant to Civil L. R. 37-3.

      10.      Any party filing an Emergency or Ex Parte Application **must** contact Judge Chen's courtroom deputy clerk, Betty Fong, at 415/522-2034.

<u>PRODUCTION OF DOCUMENTS</u>

11. In responding to requests for documents and materials under Fed. R. Civ. P. 34, all parties shall affirmatively state in a written response served on all other parties the full extent to which they will produce materials and shall, promptly after the production, confirm in writing that they have produced all such materials so described that are locatable after a diligent search of all locations at which such materials might plausibly exist. It shall not be sufficient to object and/or to state that "responsive" materials will be or have been produced.

12. In searching for responsive materials in connection with a request under Fed. R. Civ. P. 34, parties must search computerized files, emails, voicemails, work files, desk files, calendars and diaries, and any other locations and sources if materials of the type to be produced might plausibly be expected to be found there.

13. Privilege logs shall be promptly provided and must be sufficiently detailed and informative to justify the privilege. *See* Fed. R. Civ. P. 26(b)(5). No generalized claims of privilege or work product protection shall be permitted. With respect to each communication for which a claim of privilege or work product is made, the asserting party must at the time of its assertion identify: (a) all persons making and receiving the privileged or protected communication; (b) the steps taken to ensure the confidentiality of the communication, including affirmation that no unauthorized persons have received the communication; (c) the date of the communication; and (d) the subject matter of the communication. Failure to furnish this information at the time of the assertion may be deemed a waiver of the privilege or protection.

14. To the maximum extent feasible, all party files and records should be retained and produced in their original form and sequence, including file folders, and the originals should remain available for inspection by any counsel on reasonable notice.

15. As soon as a party has notice of this order, the party shall take such reasonable steps as are necessary to preserve evidence related to the issues presented by the action, including, without limitation, interdiction of any document destruction programs and any ongoing erasures of emails, voicemails, and other electronically recorded material to the extent necessary to preserve information relevant to the issues presented by the action.

16. Except for good cause, no item will be received in evidence if the proponent failed to produce it in the face of a reasonable and proper discovery request covering the item, regardless of whether a motion to overrule any objection thereto was made.

## DEPOSITIONS

17. Absent extraordinary circumstances, counsel shall consult in advance with opposing counsel and unrepresented proposed deponents to schedule depositions at mutually convenient times and places. Where an agreement cannot be reached as to any party deponent or

a deponent represented by counsel of record, the following procedure may be invoked by the party seeking any such deposition. The party seeking such a deposition may notice it at least twenty (20) days in advance. If the noticed date and place is unacceptable to the deponent or the deponent's counsel, then within ten (10) days or receipt of the notice, the deponent or counsel for the deponent must reply and counter-propose in writing an alternative date and place falling within twenty (20) days of the date noticed by the party seeking the deposition.

      18. Counsel and parties shall comply with Fed. R. Civ. P. 30(d)(1). Deposition objections must be as to privilege or form only. Speaking objections are prohibited. When a privilege is claimed, the witness should nevertheless answer questions relevant to the existence, extent or waiver of the privilege, such as the date of a communication, who made the statement, to whom and in whose presence the statement was made, other persons to whom the contents of the statement have been disclosed, and the general subject matter of the statement, unless such information itself is itself privileged. Private conferences between deponents and attorneys in the course of interrogation, including a line of related questions, are improper and prohibited except for the sole purpose of determining whether a privilege should be asserted.

## SANCTIONS

      19. Failure to comply with this Order or the Local Rules of this Court may result in sanctions. See Fed. R. Civ. P. 16(f), Civil L. R. 1-4.

copy.

_____
Edward M. Chen
United States Magistrate Judge

STANDING ORDER FOR ALL JUDGES OF THE NORTHERN DISTRICT OF CALIFORNIA

CONTENTS OF JOINT CASE MANAGEMENT STATEMENT

Commencing March 1, 2007, all judges of the Northern District of California will require the identical information in Joint Case Management Statements filed pursuant to Civil Local Rule 16-9. The parties must include the following information in their statement which, except in unusually complex cases, should not exceed ten pages:

1. <u>Jurisdiction and Service</u>: The basis for the court's subject matter jurisdiction over plaintiff's claims and defendant's counterclaims, whether any issues exist regarding personal jurisdiction or venue, whether any parties remain to be served, and, if any parties remain to be served, a proposed deadline for service.

2. <u>Facts</u>: A brief chronology of the facts and a statement of the principal factual issues in dispute.

3. <u>Legal Issues</u>: A brief statement, without extended legal argument, of the disputed points of law, including reference to specific statutes and decisions.

4. <u>Motions</u>: All prior and pending motions, their current status, and any anticipated motions.

5. <u>Amendment of Pleadings</u>: The extent to which parties, claims, or defenses are expected to be added or dismissed and a proposed deadline for amending the pleadings.

6. <u>Evidence Preservation</u>: Steps taken to preserve evidence relevant to the issues reasonably evident in this action, including interdiction of any document-destruction program and any ongoing erasures of e-mails, voice mails, and other electronically-recorded material.

7. <u>Disclosures</u>: Whether there has been full and timely compliance with the initial disclosure requirements of Fed. R. Civ. P. 26 and a description of the disclosures made.

8. <u>Discovery</u>: Discovery taken to date, if any, the scope of anticipated discovery, any proposed limitations or modifications of the discovery rules, and a proposed discovery plan pursuant to Fed. R. Civ. P. 26(f).

9. <u>Class Actions</u>: If a class action, a proposal for how and when the class will be certified.

10. <u>Related Cases</u>: Any related cases or proceedings pending before another judge of this court, or before another court or administrative body.

11. <u>Relief</u>: All relief sought through complaint or counterclaim, including the amount of any

damages sought and a description of the bases on which damages are calculated. In addition, any party from whom damages are sought must describe the bases on which it contends damages should be calculated if liability is established.

12. <u>Settlement and ADR</u>: Prospects for settlement, ADR efforts to date, and a specific ADR plan for the case, including compliance with ADR L.R. 3-5 and a description of key discovery or motions necessary to position the parties to negotiate a resolution.

13. <u>Consent to Magistrate Judge For All Purposes</u>: Whether all parties will consent to have a magistrate judge conduct all further proceedings including trial and entry of judgment.

14. <u>Other References</u>: Whether the case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

15. <u>Narrowing of Issues</u>: Issues that can be narrowed by agreement or by motion, suggestions to expedite the presentation of evidence at trial (e.g., through summaries or stipulated facts), and any request to bifurcate issues, claims, or defenses.

16. <u>Expedited Schedule</u>: Whether this is the type of case that can be handled on an expedited basis with streamlined procedures.

17. <u>Scheduling</u>: Proposed dates for designation of experts, discovery cutoff, hearing of dispositive motions, pretrial conference and trial.

18. <u>Trial</u>: Whether the case will be tried to a jury or to the court and the expected length of the trial.

19. <u>Disclosure of Non-party Interested Entities or Persons</u>: Whether each party has filed the "Certification of Interested Entities or Persons" required by Civil Local Rule 3-16. **In addition**, each party must restate in the case management statement the contents of its certification by identifying any persons, firms, partnerships, corporations (including parent corporations) or other entities known by the party to have either: (i) a financial interest in the subject matter in controversy or in a party to the proceeding; or (ii) any other kind of interest that could be substantially affected by the outcome of the proceeding.

20. Such other matters as may facilitate the just, speedy and inexpensive disposition of this matter.