LAW OFFICES OF JANET BRAYER
JANET BRAYER (SBN 117397)
20 California Street, Suite 201
San Francisco, California 94111
Telephone: (415) 445-9555
Facsimile: (415) 445-9541

Attorney for Defendant
THAI SPEED, INC., dba CITIZEN THAI RESTAURANT

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| CHARLES BLACKWELL,<br><br>Plaintiff,<br><br>vs.<br><br>CHRISTOPHER P. FOLEY; THAI SPEED, INC. dba CITZEN THAI RESTAURANT; and DOES ONE through TEN, inclusive,<br><br>Defendants. | Case No. C 08-01971-EMC<br><br>**E-FILED**<br><br>**DEFENDANT THAI SPEED, INC. dba CITIZEN THAI RESTAURANT'S ANSWER TO FIRST AMENDED COMPLAINT** |
|---|---|

COME NOW defendant THAI SPEED INC., dba CITZEN THAI RESTAURANT, and answer the First Amended Complaint of CHARLES BLACKWELL ("Plaintiff") as follows:

Paragraph 1 of the First Amended Complaint ("FAC"): Defendant lacks information sufficient to form a belief as to the facts alleged in paragraph 1 of the FAC, and on that basis, Defendant denies them.

Paragraph 2 of the FAC: Defendant lacks information sufficient to form a belief as to the facts alleged in paragraph 2 of the FAC, and on that basis, Defendant denies them.

-1-
DEFENDANT THAI SPEED INC. dba CITIZEN THAI'S ANSWER TO FIRST AMENDED COMPLAINT
C 08-01971-EMC

Paragraph 3 of the FAC:   Defendant hereby generally denies each and every allegation of paragraph 3 of the FAC and asserts that Plaintiff does not have standing, and that this suit is barred by the currently pending United States District Court, case number C07-04629-SBA.

Paragraph 4 of the FAC:   Defendant admits that if Plaintiff has standing and jurisdiction exists, that venue is proper.

Paragraph 5 of the FAC:   Defendant admits that if Plaintiff has standing and jurisdiction exists, that the case should be assigned to the San Francisco/Oakland intradistrict.

Paragraph 6 of the FAC:   Defendant lacks information sufficient to form a belief as to the facts alleged in paragraph 6 of the FAC, and on that basis, Defendant denies them, save as set forth herein.   Defendant denies on information and belief that Plaintiff is a physically disabled person who cannot walk and who requires use of a motorized wheelchair for locomotion.

Paragraph 7 of the FAC:   Defendant lacks information sufficient to form a belief as to the facts alleged in paragraph 7 of the FAC, and on that basis, Defendant denies them.

Paragraph 8 of the FAC:   Defendant hereby admits that Defendant operated the restaurant located at 1268 Grant Avenue until December 14, 2007.   Defendant denies each and every other allegation of paragraph 8 of the FAC.

Paragraph 9 of the FAC:   Defendant hereby repleads and incorporates by reference, as if fully set forth herein, the answer to paragraphs 1 through 8, above of the FAC.

Paragraph 10 of the FAC:   Defendant hereby generally denies each and every allegation of paragraph 10 of the FAC.

Paragraph 11 of the FAC:   Defendant hereby generally denies each and every allegation of paragraph 11 of the FAC save as set forth herein.   Defendant admits that the statutes cited contain the language as set forth in the FAC. Defendant asserts that the allegations of paragraph 11 are merely conclusions of law to which no responsive pleading by Defendant is required.

DEFENDANT THAI SPEED INC. dba CITIZEN THAI'S ANSWER TO FIRST AMENDED COMPLAINT
C 08-01971-EMC

Paragraph 12 of the FAC:   Defendant lacks information sufficient to form a belief as to the facts alleged in paragraph 12 of the FAC, and on that basis, Defendant denies them, save as set forth herein.  Defendant admits that it operated the restaurant at 1268 Grant Avenue as of November 16, 2007.

Paragraph 13 of the FAC:   Defendant hereby generally denies each and every allegation of paragraph 13 of the FAC.

Paragraph 14 of the FAC:   Defendant hereby generally denies each and every allegation of paragraph 14 of the FAC.

Paragraph 15 of the FAC:   Defendant hereby generally denies each and every allegation of paragraph 15 of the FAC.

Paragraph 16 of the FAC:   Defendant hereby generally denies each and every allegation of paragraph 16 of the FAC.

Paragraph 17 of the FAC:   Defendant hereby generally denies each and every allegation of paragraph 17 of the FAC.

Paragraph 18 of the FAC:   Defendant hereby generally denies each and every allegation of paragraph 18 of the FAC.

Paragraph 19 of the FAC:   Defendant hereby generally denies each and every allegation of paragraph 19 of the FAC.

Paragraph 20 of the FAC:   Defendant hereby repleads and incorporates by reference, as if fully set forth herein, the answer to paragraphs 1 through 19, above of the FAC.

Paragraph 21 of the FAC:   Defendant admits that the statute cited contains the language as set forth in the FAC.  Defendant asserts that the allegations of paragraph 21 are merely conclusions of law to which no responsive pleading by Defendant is required.

Paragraph 22 of the FAC:   Defendant hereby generally denies each and every allegation of paragraph 22 of the FAC.

Paragraph 23 of the FAC:   Defendant hereby repleads and incorporates by reference, as if fully set forth herein, the answer to paragraphs 1 through 22, above of the FAC.

Paragraph 24 of the FAC:   Defendant can neither admit nor deny for lack of personal knowledge that "findings" were made and therefore denies each and every allegation of paragraph 24 of the FAC.  Defendant asserts that the allegations of paragraph 24 are merely conclusions of law to which no responsive pleading by Defendant is required.

Paragraph 25 of the FAC:   Defendant can neither admit or deny for lack of personal knowledge that "Congress stated as its purposed" the language cited therein,   and therefore denies each and every allegation of paragraph 24 of the FAC.  Defendant asserts that the allegations of paragraph 25 are merely conclusions of law to which no responsive pleading by Defendant is required.

Paragraph 26 of the FAC:   Defendant can neither admit or deny for lack of personal knowledge that "Congress passed" certain statutes in relation to one or another statute.   Defendant denies each and every other allegation of paragraph 26 of the FAC.  Defendant asserts that the allegations of paragraph 26 are merely conclusions of law to which no responsive pleading by Defendant is required.

Paragraph 27 of the FAC:   Defendant admits that the statute cited contains the language as set forth in the FAC.  Defendant asserts that the allegations of paragraph 27 are merely conclusions of law to which no responsive pleading by Defendant is required.

Paragraph 28 of the FAC:   Defendant admits that the statutes cited contain the language as set forth in the FAC.  Defendant asserts that the allegations of paragraph 28 are merely conclusions of law to which no responsive pleading by Defendant is required.

Paragraph 29 of the FAC:   Defendant hereby generally denies each and every allegation of paragraph 29 of the FAC.

Paragraph 30 of the FAC:   Defendant hereby generally denies each and every allegation of paragraph 30 of the FAC.

Paragraph 31 of the FAC:   Defendant hereby generally denies each and every allegation of paragraph 31 of the FAC.

Paragraph 32 of the FAC:   Defendant hereby generally denies each and every allegation of paragraph 32 of the FAC.

WHEREFORE, Defendant prays as set forth below.

### AFFIRMATIVE DEFENSES

By alleging the matters set forth below under the heading "Affirmative Defenses", Defendant does not thereby allege or admit that this Defendant has the burden of proof with respect to any of said matters, or that Plaintiff has properly asserted any cause of action against this Defendant. Without admitting any of the allegations of the FAC, Defendant alleges separate and affirmative defenses as follows:

### FIRST AFFIRMATIVE DEFENSE

The FAC fails to state facts sufficient to constitute a cause of action against this Defendant upon which relief can be granted and that the acts complained of in the FAC do not constitute a denial of access or evidence a policy of denying access to persons with disabilities.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff has failed to act reasonably to mitigate his damages, if any, there might be which Defendant specifically denies.

DEFENDANT THAI SPEED INC. dba CITIZEN THAI'S ANSWER TO FIRST AMENDED COMPLAINT
C 08-01971-EMC

### THIRD AFFIRMATIVE DEFENSE

Defendant is informed and believes and that on that basis alleges that the alleged claims of Plaintiff are barred by the doctrine of unclean hands.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff has waived any rights, which he might otherwise have arising from any acts, omissions or breaches of Defendant.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff is estopped to complain of any act or omission on the part of Defendant.

### SIXTH AFFIRMATIVE DEFENSE

Defendant is, and at all relevant times was, in compliance with all applicable statutes, ordinances, laws or regulations that may applicable to the subject property.

### SEVENTH AFFIRMATIVE DEFENSE

All construction and/or reconstruction of the subject property was undertaken and performed in compliance with the affirmative direction by and/or approval of the enforcement agency(ies) having jurisdiction over the property.  With regard to the entry, Defendant obtained a variance of ADA requirements from the City and County of San Francisco.

### EIGHTH AFFIRMATIVE DEFENSE

The FAC, and each cause of action thereof, is barred by the applicable statutes of limitation.

### NINTH AFFIRMATIVE DEFENSE

The FAC, and each cause of action thereof, fails to state facts sufficient to constitute a cause of action or claim for statutory damages or attorney fees against this answering Defendant.

### TENTH AFFIRMATIVE DEFENSE

At the time of the incidents alleged in the Plaintiff's FAC, Plaintiff failed to exercise reasonable or ordinary care for their own safety such that the injuries and damages allegedly sustained by Plaintiff were proximately caused or contributed to by his own negligence. Plaintiff could have avoided the injury by the exercise of ordinary care.

### ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff has unreasonably delayed in bringing this action to the prejudice of the answering Defendant and is therefore barred from bringing this action by the Doctrine of Laches.

### TWELFTH AFFIRMATIVE DEFENSE

Plaintiff is at fault, through their own negligence or otherwise, in and about the matters referred to in the FAC, and such fault on the part of Plaintiff proximately caused and contributed to the damages complained of, if any there are. This answering Defendant further alleges that any fault not attributable to Plaintiff was a result of fault on the part of persons and/or entities other than this answering Defendant. Such fault bars and/or proportionately reduced any recovery by Plaintiff against this answering Defendant.

### THIRTEENTH AFFIRMATIVE DEFENSE

Should Plaintiff recover damages from this answering Defendant, this answering Defendant is entitled to indemnification, either in whole or in part, from all persons or entities whose negligence and/or fault proximately contributed to Plaintiff's damages, if any there are.

### FOURTEENTH AFFIRMATIVE DEFENSE

Third persons, including persons or entities unknown to this answering Defendant, intentionally, and/or negligently caused the injuries alleged in Plaintiff's FAC; that said acts of these

unknown third persons were active, primary, and the proximate cause of the injuries and damages complained of, if any there were any. Plaintiff's recovery against this answering Defendant, if any, should be reduced by an amount proportionate to the amount by which such other person or entity's negligence and fault contributed to the happening of the alleged damages.

### FIFTEENTH AFFIRMATIVE DEFENSE

Defendant alleges that Plaintiff lacks standing to sue and has not been harmed and will not be harmed in the future;   Plaintiff lacks standing arising from an absence of a redressible injury-in-fact, and there is no reality of the threat of repeated injury.  Plaintiff did not enter the restaurant for purposes of accessing a public accommodation within the meaning of the Title III of the ADA. Plaintiff's alleged injury is neither actual or imminent.  Plaintiff lacks standing to challenge any ADA violation unrelated to his particular disability, as alleged in the Complaint.

### SIXTEENTH AFFIRMATIVE DEFENSE

Defendant alleges that, to the extent Plaintiff alleges failure to remove barriers, his claim fails in whole or in part because there was no legal obligation to remove barriers in the circumstances of this case.    Removal of the barrier is not readily achievable without undue difficulty and expense. Defendant does not have the resources to remove the barrier.  Existing conditions at the property make it such that removal of the barrier is not readily achievable.

### SEVENTEENTH AFFIRMATIVE DEFENSE

Defendant alleges that Plaintiff's claims are barred as to any claims based on construction or alterations that preceded Defendant's operation of the subject premises, or any claims based on work performed by occupants other than Defendant, or claims based on conditions subsequent to Defendant's operation of the premises.

### EIGHTEENTH AFFIRMATIVE DEFENSE

Defendant alleges that Plaintiff is not entitled to some or all of the relief sought,  and Defendant was not the proximate or legal  cause of damage alleged to Plaintiff.

### NINETEENTH AFFIRMATIVE DEFENSE

Defendant alleges that Plaintiffs' maintenance of this action is without foundation, vexatious, and unreasonable, entitled Defendant to an award of attorneys' fees in this matter.

### TWENTIETH AFFIRMATIVE DEFENSE

Defendant alleges that its conduct was lawful and subject to the rule of justification.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

Defendant alleges that all acts allegedly committed by Defendant were reasonable and in good faith.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

Defendant alleges that the alleged barriers do not pose a significant risk to the health or safety of Plaintiff or individuals with disabilities.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

Defendant alleges that Plaintiff is collaterally estopped from pursuing this action.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

Defendant alleges that any entry by Plaintiff into the restaurant at issue was pursuant to the litigation privilege and Plaintiff is barred from pursuing claims based on such entry.

WHEREFORE, Defendant prays this Honorable Court for the following relief:

1. That Plaintiff take nothing by reason of his FAC and that Plaintiff's action be dismissed with prejudice;
2. For an order that Plaintiff shall take no relief from his complaint herein;
3. For an award of Defendant's reasonable attorneys' fees incurred herein; and
4. For such and other further relief as the Court deems proper.

Dated: June 4, 2008

                                        LAW OFFICES OF JANET BRAYER

                              By:    /S/   Janet Brayer_____
                                              JANET BRAYER
                                              Attorneys for Defendant
                                              THAI SPEED, INC. dba CITIZEN THAI

DEFENDANT THAI SPEED INC. dba CITIZEN THAI'S ANSWER TO FIRST AMENDED COMPLAINT
C 08-01971-EMC

**CERTIFICATE OF SERVICE**

    I am a citizen of the United States. My business address is 20 California Street, Suite 201, San Francisco, California 94111. I am employed in the County of San Francisco where this service occurs. I am over the age of 18 years and not a party to the within cause. I am readily familiar with my normal business practice for collection and processing of correspondence for mailing with the U.S. Postal Service and that practice is that correspondence is deposited with the U.S. Postal Service the same day as the day of collection in the ordinary course of business.

    On June 4, 2008 following ordinary business practice, I caused to have served the document(s) described as**: DEFENDANT THAI SPEED, INC. dba CITIZEN THAI RESTAURANT'S ANSWER TO FIRST AMENDED COMPLAINT** on the interested parties in said action addressed as follows:

P. RICHARD COLOMBATTO
MICHAEL K. TCHENG
COLOMBATTO KLIMENKO LLP
130 Sutter Street, 7th Floor
San Francisco, California 94104

 xx     (BY MAIL) by placing a true and correct copy of the document(s) listed above enclosed in a sealed envelope(s) with postage thereon fully prepaid in the United States Mail at San Francisco, California.

    (BY FACSIMILE) by transmitting via facsimile the document(s) listed above to the facsimile number(s) set forth above, or as stated on9 the attached service list, on this date before 5:00 p.m.

    (BY PERSONAL SERVICE) by placing a true and correct copy of the document(s)listed above enclosed in a sealed envelope(s) and causing said envelope(s) to be delivered by hand this date to the offices of the addressee(s).

    I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed on **June 4, 2008** at San Francisco, California.

                        /s/ Anita Vejar
                            ANITA VEJAR

DEFENDANT THAI SPEED INC. dba CITIZEN THAI'S ANSWER TO FIRST AMENDED COMPLAINT
C 08-01971-EMC

DEFENDANT THAI SPEED INC. dba CITIZEN THAI'S ANSWER TO FIRST AMENDED COMPLAINT
C 08-01971-EMC