P. RICHARD COLOMBATTO (SBN 79895)
MICHAEL K. TCHENG (SBN 160811)
COLOMBATTO SIMS LLP
130 Sutter Street, 7th Floor
San Francisco, California 94104
Telephone: (415) 391-6182
Facsimile: (415) 391-2904

Attorneys for Defendant
CHRISTOPHER P. FOLEY

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES BLACKWELL,<br><br>Plaintiff,<br><br>vs.<br><br>CHRISTOPHER P. FOLEY; THAI SPEED, INC. dba CITIZEN THAI RESTAURANT; and DOES 1 – 10, Inclusive,<br><br>Defendants. | Case No. C08-01971 EMC<br><br>**DEFENDANT CHRISTOPHER FOLEY'S NOTICE OF PENDANCY OF OTHER ACTION OR PROCEEDING** |

Defendant CHRISTOPHER FOLEY hereby advises the court and parties of a pending action as follows:

**(1) A description of the other action:**

United States District Court for the Northern District of California Case No. C 07-04629 SBA entitled <u>Blackwell v. City and County Of San Francisco, 1268 Grant Avenue LLC, Christopher P. Foley.</u> ("BLACKWELL I.")

**(2) The title and location of the court in which the other action or proceeding is pending:**

The related action is pending in United States District Court for the Northern District of California.

-1-

**(3) Statement of Relation:**

BLACKWELL I and the current above-captioned action ("BLACKWELL II") both concern a Title III ADA claim relating to the same general real property -- a restaurant in North Beach.

Both actions have nearly identical parties. In both actions the sole plaintiff is CHARLES BLACKWELL. CHRISTOPHER FOLEY is a defendant in both actions and is alleged to own a building located at 1268 Grant Avenue, San Francisco.

In BLACKWELL I plaintiff alleges he slipped and fell on a metal elevator door cover located in a public sidewalk adjacent to 1268 Grant, a building that houses a restaurant. Plaintiff alleges he is visually disabled and that the elevator door cover constitutes a barrier to his accessing a public accommodation. He brings causes of action under Title III of the ADA as well as related state claims.

Defendants responded to the complaint with a Rule 12(b) motion seeking to dismissal on the basis that the elevator door cover does not constitute a barrier within the meaning of Title III because the door cover is not within the restaurant but rather located on a public sidewalk. Additionally plaintiff did not allege that he was attempting to access the restaurant; he was simply walking down the sidewalk.

Rather than file an opposition to the motion to dismiss plaintiff elected to file a "First Amended Complaint." The "FAC" adds new factual allegations that took place <u>after</u> the initial Complaint was filed, to wit:

> "¶ 3    On or about November 16, 2007, plaintiff Charles Blackwell returned to the vicintity of 1268 Grant Avenue with access consultant Barry Atwood to inspect the area of his subject fall and to have lunch in the adjoining restaurant. The adjoining restaurant, the Citizen Thai Restaurant, on information and belief, is and at all relevant times was operated by defendant Thai Speed, Inc. and owned by defendant Christopher Foley, but have never been entered by plaintiff or his companion. [Plaintiff proceeds to allege a number of barriers encountered in the restaurant.]."

The allegations are then used as support for a Title III ADA claim and related state law claims.

-2-

DEFENDANT CHRISTOPHER FOLEY'S NOTICE OF PENDANCY OF OTHER ACTION OR PROCEEDING

Defendants moved to strike the FAC. They argued the "FAC" should be struck on the basis that it was really a supplement complaint because plaintiff alleged facts that occurred after the initial complaint was filed. Judge Armstrong granted the motion and struck the "FAC."

Rather than seek leave to amend plaintiff filed BLACKWELL II, the above-entitled action. BLACKWELL II only contains Title III allegations relating to the inside of the restaurant and does not mention the sidewalk.

**(4) Coordination will conserve resources and promote efficiency:**

Defendant FOLEY requests that BLACKWELL II be assigned to Judge Armstrong. Her honor is aware of the above-stated factual and procedural history and it would aid judicial economy not to have another judge get "up to speed." Further Judge Armstrong's prior knowledge of the case uniquely qualifies her to rule on defendants' expected motion to dismiss on the basis that plaintiff lacks standing to bring BLACKWELL II because the reason he entered the restaurant was to defeat the pending motion to dismiss rather than in a good faith attempt to access the restaurant.

WHEREFORE, defendant CHRISTOPHER FOLEY prays that this case be transferred and assigned to the Honorable Judge Armstrong.

Dated: June 4, 2008

COLOMBATTO SIMS LLP

By: _____
MICHAEL K. TCHENG
Attorneys for Defendant
CHRISTOPHER P. FOLEY

-3-

**DEFENDANT CHRISTOPHER FOLEY'S NOTICE OF PENDANCY OF OTHER ACTION OR PROCEEDING**